# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TERRY L. KILLINGSWORTH,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**CORRECTIONAL MEDICAL** )<br>**SERVICES, et al.,** )<br>)<br>Defendants. ) | Case No.  5:10-cv-03484-AKK-HGD |

### MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on February 7, 2013, recommending that the defendants' motion for summary judgment as to the plaintiff's Eighth Amendment medical care claims be granted and this cause be dismissed with prejudice.[1]  (Doc. 32).   The plaintiff has filed objections thereto.  (Doc. 33).

In his objections, the plaintiff argues, for the first time, that the defendants' failure to *immediately* call an ambulance to transport him to the hospital after both of

---

[1] The plaintiff's claims against the Governor of the State of Alabama, the Commissioner of the Alabama Department of Corrections, Warden Billy Mitchem, C.O. Hughes, C.O. Walter, and the correctional officers assigned to supervise the Prison's Commissary Areas, and against inmate Terry Louis were dismissed with prejudice under 28 U.S.C. § 1915A(b) pursuant to a previously entered order.  (*See* doc. 16).

his injuries shows that they were deliberately indifferent to his serious medical needs. He contends that the evidence shows that four hours elapsed before his arrival at the free world hospital following the October 15, 2010, beating, and that over six hours elapsed between the second injury and his arrival at the hospital on February 24, 2011.

As noted, the plaintiff failed to make this argument previously - in either his amended complaint or his response to the defendants' motion for summary judgment. The Eleventh Circuit has held that a district court has broad discretion in reviewing a magistrate judge's report and recommendation, and may either consider a party's argument when it was not first presented to the magistrate judge, *Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006), or decline to do so. *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009). However, as a general rule, it is improper to present arguments on appeal to a district judge that were not first presented to the magistrate judge. "[T]he magistrate judge system was created to help alleviate the workload of the district judges." *Williams v. McNeil*, 557 F.3d at 1291-92. To allow a litigant to present his case to the magistrate judge and then change his strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. *See id*. at 1292 (quoting *Greenhow v. Sec'y of Health & Human Servs*., 863 F.2d

633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*)).

In any event, summary judgment is still due to be granted for the defendants. Even accepting as true that it took several hours on each occasion to arrange the plaintiff's transportation to the hospital, those facts alone do not establish that the defendants were deliberately indifferent to his serious medical needs. A delay in providing medical treatment can constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However, this is only when such delays are "tantamount to 'unnecessary and wanton infliction of pain,'" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.) (*per curiam*) (quoting *Estelle*, 429 U.S. at 104), *cert. denied,* 496 U.S. 928 (1990). The Eleventh Circuit has held that deliberate indifference can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted); *see also Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1235 (11th Cir. 2010).

In this case, the evidence does not establish that the defendants delayed the plaintiff of all medical care. Indeed, on both occasions the plaintiff was immediately seen at the infirmary by medical professionals, who then arranged for him to be

transported to the hospital. Thereafter, there is no evidence that the failure to ensure *immediate* transport to the emergency room posed a risk of exacerbating the plaintiff's injuries, or that his injuries were in fact exacerbated by not being taken immediately to the hospital. Thus, because the undisputed facts of this case do not show that the delay of several hours in transporting the plaintiff from the infirmary unit at the prison to a free world hospital for the emergency surgeries was unreasonable or caused the plaintiff any harm, the fact that the transportation did not occur as quickly as the plaintiff would have liked does not establish deliberate indifference on the part of the defendants.

The plaintiff also opposes the magistrate judge's conclusions that mere negligence, or a disagreement between two doctors as to the proper course of treatment does not amount to deliberate indifference, and appears to argue that he had the right to refuse to permit Dr. Barnett to remove the stents from his nose, and there is no documentation showing that he waived that right. These arguments are without merit, both factually and as a matter of law. First, there was no evidence presented that there was a disagreement between doctors as to the plaintiff's treatment. Moreover, the law is well settled that a "simple difference in medical opinion" is not deliberate indifference, *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989), and that negligence is insufficient to state a due process claim. *Daniels v. Williams*, 474

U.S. 327, 330-33 (1986).  Finally, the plaintiff conceded that he agreed to allow Dr. Barrett to remove the stents, and has presented no evidence to contradict Dr. Barrett's sworn testimony that the specialist had agreed with his decision to remove them himself prior to allowing the plaintiff to return to general population.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Accordingly, the defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered.

**DONE** this 19th day of March, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE